EDWARD CLUETT, guardian of Mary E. Cluett and others, *appellant, vs.* CATHARINE MATTICE, *respondent.*

No guardian of an infant *who is not a residuary or specific legatee,* is entitled to letters of administration with the will annexed, in preference to the widow of the testator.

THIS appeal is from an order of the surrogate of the county of Rensselaer, appointing the respondent, Catharine Mattice, administratrix, &c., with the will annexed, of Joseph C. Mattice, deceased. Joseph C. Mattice made his last will and testament on the 27th day of January, 1853, and therein

appointed his wife Dorcas sole executrix thereof, and guardian of his children. She died in October, 1857. The testator married the respondent in 1863, and died in July, 1864, leaving the said will unrevoked, and leaving him surviving the respondent, his widow, and four children, all of whom are minors. Mary E., one of said children, married the appellant who has been appointed the general guardian of all the said minors.

The property of the testator amounted to $19,000. Only $3000 of which is disposed of by the will, which has been proved as a will of real and personal estate. The respondent applied for letters of administration with the will annexed, and the appellant, as guardian, also applied for such letters. The surrogate appointed the respondent, and the said guardian appealed to this court from the order of the surrogate.

*Nelson Davenport,* for the appellant.

*John Moran* and *D. L. Seymour,* for the respondent.

*By the Court,* INGALLS, J. The material question to be decided upon this appeal is, whether the surrogate decided correctly, that the respondent was by law entitled to such letters of administration, in preference to the appellant, as such guardian. The revised statutes (*vol.* 2, *page* 71, § 3, *Edm. ed.*) expressly declare that all persons under the age of twenty-one years are incompetent to serve as executors. The same statute (*p.* 77, § 32,) provides that no letters of administration shall be granted to any person who is under the age of twenty-one years. Section 14 provides as follows: "If all the persons named in the will as executors shall renounce, or after summons issued and served as aforesaid shall neglect to qualify or shall be legally incompetent, then letters testamentary shall issue; and administration with the will annexed be granted, as if no executors were named in such will, to the residuary legatees, or some or one of them, if

Cluett *v.* Mattice.

there be any; if there be none that will accept, then to any principal or specific legatee, if there be any; if there be none that will accept, *then to the widow* and next of kin to the testator, or to any creditor of the testator, in the same manner and under the like regulations and restrictions as letters of administration in cases of intestacy." Although this case does not seem to come within the strict letter of this provision of the statute, yet I am inclined to think it is within its spirit and intention; otherwise it is unprovided for, which latter contingency I am not inclined to adopt, as it leads to speculations which are vague and unsatisfactory. I think the above construction justified. (*The People* v. *Utica Ins. Company*, 15 *John.* 380. *Smith's Com. on Con. of Statutes*, §§ 523, 695, 511, 701, 703. *Rice* v. *Mead*, 22 *How.* 449. *White* v. *Wager*, 32 *Barb.* 253.)

In this case, there was no executor living at the death of the testator; and the legatees named in the will are all minors, and as such incompetent to act either as executors or administrators in any case.

Section 33 of the same statute provides: "If any person *who would otherwise be entitled* to letters of administration, as next of kin, or to letters of administration with the will annexed, *as residuary or specific legatee*, shall be a minor, such letters shall be granted to his guardian, being in all other respects competent, in preference to *creditors or other persons.*" There are *no residuary or specific legatees* named in the will of Joseph C. Mattice, and all the legatees are minors and no creditor applied for such letters. The words "*other persons*" have received judicial construction. In *Wickwire* v. *Chapman*, (15 *Barb.* 304,) Johnson, J. after alluding to various provisions of the statute, including section 23, remarks, "The result of the various provisions is to give the guardian of infants a prior right, *over creditors of the estate and other persons having no right to share in the estate,* and not over any of the relatives mentioned in

Cluett *v*. Mattice.

section 27, whatever may be the sex or degree of kindred of the minor." Section 27 expressly names *the widow* as one of the relatives, and gives her a preference over all others. I think the case last cited establishes a principle which bears upon the case at bar. In that case the question was whether a grandchild, being a male and an infant, was entitled by his guardian to letters of administration in preference to a grandchild who was a female of the age of twenty-one years. And the court held that the adult was entitled to preference over the infant, who being a male, but for such infancy, would have been preferred. In this case the question is, whether the widow is entitled to preference over the infant children. I think the reasoning of the learned justice in the case last cited, which seems entirely satisfactory, in connection with a review of the various provisions of the statute bearing upon this question, lead to the conclusion that no guardian of an infant *who is not a residuary or specific legatee*, is entitled to letters of administration with the will annexed, in preference to the widow of the testator. The surrogate properly awarded the letters to the respondent, and the order must be affirmed, with costs to be paid out of the estate.

[ALBANY GENERAL TERM, December 5, 1864. . *Peckham, Miller* and *Ingalls*, Justices.]